John K. SNYDER

v.

Edwin O. WARE, III, et al.

Civ. A. No. 14894.

United States District Court, W. D. Louisiana, Alexandria Division.

Oct. 13, 1970.

J. Minos Simon, Lafayette, La., for plaintiff.

Ward-Steinman & Karst, Irving Ward-Steinman, Alexandria, La., for Rodney K. Armand.

Stafford & Pitts, Grove, Stafford, Jr., Alexandria, La., for LeDoux R. Provosty.

Provosty, Sadler & Scott, Richard B. Sadler, Jr., Alexandria, La., for Joe D. Smith, Jr.

J. A. Robinson, Alexandria, La., for Don Moriarity, Richard Moriarity & Joe Dear.

Doggett & deLaunay, Knight E. Doggett, Alexandria, La., for David Sheffield & Charles Edward Karst.

Thomas W. McFerrin, Baton Rouge, La., for Edwin O. Ware, III, A. M.

**336**

D'Angelo, Guy E. Humphries, Jr., Field V. Gremillion and Davidson Willson.

Before WISDOM, Circuit Judge, HUNTER and PUTNAM, Judges.

### ORDER

PER CURIAM.

On the 6th day of October, 1969, this panel entered an order dissolving the three-judge court, save and except as to the constitutionality of LSA–R.S. 14:47. A copy of that order is filed herewith and made a part hereof.

On September 12, 1969 the Ninth Judicial District Court for the State of Louisiana took under advisement the motions to quash the various indictments, charging John K. Snyder with criminal defamation in violation of LSA–R.S. 14:47. The issues there were identical to the issue before this Court and involved this identical case.

On September 18, 1969, the Judge of the State District Court rendered his opinion, a copy of which is filed herewith. The minutes of the State District Court for that day reveal that counsel for Mr. Snyder gave notice to the Court and to the state in open court that he intended to appeal to the Supreme Court of Louisiana. The State District Court then granted a stay until October 17th to afford counsel for Snyder an opportunity to apply to the Supreme Court of Louisiana for remedial writs. A copy of the minutes of that court is filed herewith. No appeal nor application for writs has yet been made to the Supreme Court of Louisiana, as of October 10, 1969.

State courts have the duty and responsibility to pass upon constitutional defenses. LSA–R.S. 14:47 defines the offense of defamation. It has been held that in a criminal prosecution such as this, LSA–R.S. 14:48, 49, impose unconstitutional limitations upon the defense

of truth in a prosecution involving defamatory statements made in respect to a public official, or person who is prominently involved in public affairs. Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). Do LSA–R.S. 14:47, 48 and 49 provide a vehicle under which the state may constitutionally proscribe defamatory utterances made against those in public life under standards set by New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 696 (1964); and St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); State v. Moity, 245 La. 546, 159 So.2d 149 (1963), reversed Moity v. Louisiana, 379 U.S. 201, 85 S.Ct. 323, 13 L.Ed.2d 339 (1964); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967)? These cases clearly define the path that Louisiana must follow in order to constitutionally impose criminal sanctions for false utterances. These questions should be answered by the State, through its judiciary which bears the primary responsibility for the administration of its orderly criminal processes, and the construction of its statutes in accordance with the Constitutional Guarantees afforded all of its citizens by the basic law of the Republic. We find that the Louisiana statutory provisions in question are not unconstitutional per se, but that they may be susceptible of a limiting construction, in accordance with the holding of New York Times, Garrison, and Moity, supra. Plaintiff has until October 17, 1969 to perfect his application for writs to the Supreme Court of Louisiana. If writs are denied and a conviction follows, his constitutional defenses are subject to full review on appeal. We refrain from acting until his state remedies are exhausted. We retain jurisdiction so that plaintiff may seek relief in federal court after he has exhausted his state remedies.*

This order entered this the 13th day of October, 1969.

---

\* The foregoing judgment has been affirmed per curiam by the United States Supreme Court on April 20, 1970. See

397 U.S. 1053, 90 S.Ct. 1355, 25 L.Ed. 2d 595.

## ORDER DENYING INJUNCTION PENDING APPEAL

■ The petitioner in this matter, John K. Snyder, charged with the offense of defamation as defined and penalized in the Louisiana Criminal Code, Article 47 et seq., LSA–R.S. 14:47 et seq., again applies for an injunction against further proceedings in the state actions pending an appeal to the United States Supreme Court from our decision denying injunctive relief in the first instance. We deny the relief sought at this time.

The cases of Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964); New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); State v. Moity, 245 La. 546, 159 So.2d 149 (1963); Moity v. Louisiana, 379 U.S. 201, 85 S.Ct. 323, 13 L. Ed.2d 339 (1964); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967), impose constitutional restrictions upon criminal as well as civil actions for defamation. The state judge before whom these cases are pending rendered a written opinion on petitioner Snyder's motion to quash the indictment in that court. A copy of his opinion is in this record. It demonstrates that the trial judge is aware of the problems of interpretation posed by these cases if the Louisiana statutes are to remain constitutionally viable. He did not deny petitioner's motions to quash raising these issues, but rather deferred ruling thereon under LSA–C. Cr.P. Art. 535, subd. D. The Louisiana Supreme Court declined to disturb this exercise of judicial discretion on Mr. Snyder's application for supervisory writs.

At this time we merely reiterate our belief that in this instance abstention is appropriate. Construction of the terms "malicious publication or expression" as used in Article 47, and "actual malice" as used in Article 49, in a manner consistent with the rules of *New York Times* and *Garrison,* is distinctly possible. This responsibility rests with the State judiciary, as we have previously stated. These trials will be without a jury. We have confidence in the ability of the state court to fully discharge its judicial function, and decline to interfere.

Jurisdiction is retained as previously stated.